UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

Diane Schroeder and Rebecca Schroeder,
individually and on behalf of all other
similarly situated individuals,                              Case No.

       Plaintiffs,

v.

Humana Inc. and
Humana Insurance Company,

       Defendants.

_____

       Plaintiffs Diane Schroeder and Rebecca Schroeder ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Nichols Kaster, PLLP bring this action against Humana Inc. and Humana Insurance Company (collectively "Humana" or "Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

       1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

       2.    Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 because Defendants operate in this district, maintains an office in De Pere, Wisconsin, and because a substantial part of the events giving rise to the claims occurred in this district.

1

## PARTIES

3. Defendant Humana Inc., is a Delaware corporation with its corporate headquarters located in Louisville, Kentucky.

4. Defendant Humana Insurance Company is a Wisconsin corporation with its principal place of business in Louisville, Kentucky, and is a subsidiary of Humana Inc.

5. Humana is one of the nation's largest publicly traded health and supplemental benefits companies, providing health insurance benefits under health maintenance (HMO), Private Fee-For-Service (PFFS), and preferred provider organization (PPO) plans.

6. Defendants operate office locations in multiple locations around the country including a location in De Pere, Wisconsin.

7. According to its website, as of December 31, 2010, Humana had approximately 10.2 million members in its medical benefit plans.

8. Defendants operate in interstate commerce by, among other things, offering and selling a wide array of health, pharmacy, and supplemental insurance benefit products to customers and consumers in multiple states across the country, including Wisconsin and Kentucky. Upon information and belief, Defendants' gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

9. At all relevevant times, Defendants are, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Plaintiff Diane Schroeder is an adult resident of the State of Wisconsin. Plaintiff was employed by Defendants as a clinical nurse advisor from approximately May 2011 to November 2011.

11. Plaintiff Rebecca Schroeder is an adult resident of the State of Wisconsin. Plaintiff has been employed by Defendants as a clinical nurse advisor from approximately October 2010 to the present.

12. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals were, or are, employed by Defendants as clincial nurse advisors, or other job titles performing similar duties (e.g. clinical advisor, utilization LPN, clinical reviewer, clinical claims review nurse), across the country during the applicable statutory period.

13. Plaintiffs and others similarly situated have been employed by Defendants within two to three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a).

## FACTUAL ALLEGATIONS

14. At all times relevant herein, Defendants operated a willful scheme to deprive their clinical nurse advisors and others similarly situated of overtime compensation.

15. Plaintiffs and the similarly situated individuals worked as clinical nurse advisors or other job titles performing similar duties for Defendants. As clinical nurse advisors, their primary job duty was non-exempt work; collecting and reviewing medical information against guidelines to check whether the requested insurance benefit was approved under the member's health insurance plan.

16. Plaintiffs and the similarly situated individuals were paid a salary with no overtime pay.

17. Defendants suffered and permitted Plaintiffs and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

3

18. Defendants have been aware, or should have been aware, that Plaintiffs and the similarly situated individuals performed non-exempt work that required payment of overtime compensation. For instance, Defendants set production goals and quotas and required Plaintiffs and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities and to meet or exceed their production quotas.

19. Plaintiffs' supervisors knew that Plaintiffs, and those similarly situated, were working overtime hours because they required Plaintiffs to work overtime hours and were present during those hours.

20. Upon information and belief, although they had a legal obligation to do so, Defendants did not make, keep, or preserve accurate records of the hours worked by Plaintiffs and the similarly situated individuals.

## **COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

22. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as clinical nurse advisors (or other job titles performing similar duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").

23. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

24. During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

25. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

26. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the similarly situated individuals. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from the Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiffs and the similarly situated individuals)**

28. Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

29. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

30. Defendants suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

31. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

32. Defendants knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

33. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

34. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to

asset FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendants in the amount of Plaintiffs' and the similarly situated individuals' unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

C. Appropriate civil penalties;

D. A finding that Defendants' violations of the FLSA were willful;

E. All costs and attorneys' fees incurred prosecuting this claim;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H. All further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves, and all simliarly situated individuals, demand a trial by jury.

DATED this 8th day of February, 2012.

**NICHOLS KASTER, PLLP**

/s/Robert L. Schug
Robert L. Schug, CA Bar No. 249640
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
rschug@nka.com

Rachhana T. Srey, MN Bar No. 340133
*Application for Admission Forthcoming*
Paul J. Lukas, MN Bar No. 22084X
*Application for Admission Forthcoming*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

7

Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com
lukas@nka.com

**Attorneys For Plaintiffs and the Similarly Situated**