# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

DIANE SCHROEDER and REBECCA SCHROEDER,
individually and on behalf of all other
similarly situated individuals,                                  Case No. 12-C-00137

        Plaintiffs,

v.

HUMANA INC. and
HUMANA INSURANCE COMPANY,

        Defendants.

## PROTECTIVE ORDER WITH PROVISO

COME NOW the parties to the above-referenced matter, by and through their respective counsel, have stipulated to entry of this Protective Order pursuant to the provisions of Rule 26(e) of the Local Rules for the United States District Court for the Eastern District of Wisconsin. The parties so stipulate in recognition of the fact that discovery in this matter will involve production of confidential, proprietary or trade secret information. As such, it is critical that the disclosure of such information be governed by this Stipulated Protective Order in order to safeguard such information from public disclosure.

    **(1)** For good cause shown, the Court enters this Stipulated Protective Order regarding confidentiality of all documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, and all deposition testimony.

**(A)** Designation of confidential information must be made by placing or affixing on the document in a manner that will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when the person in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

**(B)** Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential if they are designated as such when the deposition is taken. Alternatively, in order to avoid disrupting a deposition with multiple confidential designations, counsel wishing to designate portions as confidential may do so in writing within 30 days of receipt of the deposition transcript. Until the expiration

of such period, the entire deposition transcript shall remain confidential if designated as such when the deposition was taken.

**(C)** Information or documents designated as confidential under this rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (D) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs or who have not consented to join in putative class litigation unless and until one or more classes have been certified.

**(D)** The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

**(i)** Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

**(ii)** Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed, and who are made aware of the requirements of this Stipulated Protective Order and agree to abide by the same.

**(iii)** Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Rule.

**(iv)** Disclosure may be made to jury or trial consultants, investigators, or experts (collectively "outside independent persons") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any outside independent person, the person(s) must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

**(E)** Except as provided in subparagraph (D), counsel for the parties must keep all documents designated as confidential that are received under this Rule secure within their exclusive possession and must place such documents in a secure area.

**(F)** All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

**(G)** To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope.

**(H)** Any party filing information claimed to be confidential under subsection (G) must include with that filing either: (1) a motion to seal the material pursuant to General L. R. 79(d); or (2) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal under General L. R. 79(d) within 21 days of the objection.

**(2)** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P.

26(c). The party prevailing on any such motion is entitled to recover as motion costs its actual attorney fees and costs attributable to the motion.

**(3)** Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

**(4)** Within 60 days of the termination of this action, including any appeal, all material not received in evidence and treated as confidential under this Rule must be returned to the originating party. If the parties so stipulated, the material may be destroyed.

**PROVISO**

The parties seek to protect certain information from unnecessary public release. An agreement such as the one the parties have entered into serves the important purpose of expediting discovery without requiring the court to pass on every document arguably responsive to a discovery request that a party desires to withhold from public scrutiny.

The parties should understand that there are no guarantees that documents they designate "confidential" or file as "sealed", once made a part of the record before the Court, will remain confidential and maintained under seal. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its

6

plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell* at 567. For this reason, the parties should be aware that the Court is not bound by the designation of material as confidential by the parties under the Protective Order and, to the extent necessary to reveal the Court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. Under certain circumstances, third parties can also challenge the parties' designation of information made a part of the record as confidential. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984). Furthermore, in the event an appeal is taken from any order of this Court, no part of the record will remain sealed absent a specific finding of good cause. Subject to this proviso, the Protective Order submitted by the parties is hereby adopted by the Court.

**SO ORDERED** this   29th   of June, 2012.

                                                    BY THE COURT:

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge