UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

Diane Schroeder and Rebecca Schroeder,
individually and on behalf of all other
similarly situated individuals,　　　　　　　　　　Case No. 12-cv-00137 WCG

　　　　　　Plaintiffs,

v.

Humana Inc. and
Humana Insurance Company,

　　　　　　Defendants.

___

**PLAINTIFFS' CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR PROTECTIVE ORDER**
___

Pursuant to Civil L.R. 7.1(h) and Fed. R. Civ. P. 26(c), Plaintiffs hereby move this Court for a protective order against subpoenas Defendants intend to serve on Plaintiffs' current employers for resumes, job applications, and other irrelevant documents.[1]  Pursuant to Civil L.R. 37, the parties met and conferred and were unable to reach an agreement even though Plaintiffs offered to provide their resumes to Defendants.  In support of this motion, Plaintiffs provide the following material facts and argument:

1. Plaintiffs filed this FLSA collective action against their former employers Humana, Inc. and Humana Insurance Co. (hereinafter "Humana" or "Defendants"), alleging that they were misclassified as "exempt" and should have been paid overtime pay.  (ECF No. 1.)

2. Based on defense counsel's questioning at Plaintiff Diane Schroeder's July 3rd deposition, Plaintiffs' counsel inquired whether Defendants intended to serve subpoenas on Plaintiffs' current employers for resumes, job applications, and other similar documents.  (Srey Decl. ¶ 3.)  Plaintiffs' counsel informed Defendants about Plaintiffs' concerns with getting her current employer involved, and informed Defendants that Plaintiffs believed such discovery tactics to be improper and for the purpose of intimidating and harassing Plaintiffs.  (Id.)  Plaintiffs' counsel offered to produce resumes directly to Defendant.  (Srey Decl. ¶ 4.)

3. On September 26, 2012, defense counsel informed Plaintiffs' counsel of Defendants' intent to serve subpoenas on Plaintiffs' current employers for the resumes, job applications, and other documents.  (Srey Decl. ¶ 5.)  Specifically, Defendants seek, "**All**

---

[1] Plaintiffs have standing to move for a protective order against these subpoenas as the information sought is Plaintiffs' employment records.  See Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421, at *1 (D. Conn. Sept. 5, 2007) ("The plaintiff clearly has a personal right with respect to information contained in his employment records."); Barrington v. Mortgage IT, Inc., 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007) ("courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena.")

1

**documents related to either plaintiff's applications for employment subsequent to their employment with Humana Insurance Co., including, but not limited to, letters, applications, resumes, job descriptions, interview notes, any descriptions of plaintiff's prior employment experience, education, and/or job qualifications.**" (Srey Decl. ¶ 5.) In response to whether Defendants had considered Plaintiffs' offer to produce resumes directly to Defendants, defense counsel stated, "We appreciate the offer, but do not think it is a substitute for getting the records from the employers." (Srey Decl. ¶ 6.)

4. Fed. R. Civ. P. 26(b)(1) dictates what is discoverable in lawsuits for overtime wages and allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense…[or] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery is limited to what is <u>relevant</u> to the issues of each action. <u>Oppenheimer Fund, Inc., v. Sanders</u>, 437 U.S. 340, 98 S. Ct. 2380 (1978) (emphasis added). District courts have broad discretion to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" if good cause is shown. Fed. R. Civ. P. 26(c)(1).

5. "Whether an employee is exempt or non-exempt under the FLSA is determined by 'the duties actually performed by the employee.'" <u>Corrigan v. United States</u>, 68 Fed. Cl. 589, 595 (2005); <u>Ale v. Tenn. Valley Auth.</u>, 269 F.3d 680, 688-90 (6th Cir. 2001) (noting that "resumes may not provide the most accurate picture of an employee's job because resumes are typically designed to enhance the employee's duties and responsibilities in order to obtain a job" and that "courts must focus on the actual activities of the employee in order to determine whether or not he is exempt"). Further, in FLSA cases, courts often quash subpoenas seeking employment records from other employers. See <u>Hendricks v. Total Quality Logistics</u>, 275

2

F.R.D. 251 (S.D. Ohio 2011) (quashing subpoenas seeking employment records from the plaintiffs' former and subsequent employers)[2]; Westerfield v. Washington Mut., No. 06-02817 (E.D.N.Y. Sept. 23, 2008) (quashing subpoenas served on the plaintiffs' subsequent employers seeking substantially similar documents to this case); Barrington, 2007 WL 4370647, at *4-6 (quashing defendant's subpoena to plaintiffs' former employers for employment records because records were irrelevant and subpoena was overbroad).

6. Here, good cause exists for a protective order. Defendants' subpoenas do not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. Nothing in Plaintiffs' employment records subsequent to working for Humana is relevant to whether Humana failed to comply with the FLSA's overtime requirements, or how many unpaid overtime hours Plaintiffs worked. Instead, Defendants' subpoenas are designed to harass and intimidate Plaintiffs in the hopes that they will abandon their claims, and to deter participation in this lawsuit. Even under the liberal discovery standards, Plaintiffs' employment with other employers subsequent to Humana will not make the existence of Humana's FLSA violations more or less probable. Moreover, Plaintiffs have already voluntarily agreed to produce resumes directly to Defendants so there is no need for Defendants to obtain them and other irrelevant documents directly from Plaintiffs' current employer.

For these reasons, Plaintiffs respectfully request that the Court issue a protective order and prevent Defendants from serving subpoenas on their current employers.

---

[2] In Hendricks, the court was not persuaded by the defendant's argument that resumes or job applications sent to subsequent employers could contain "a [p]laintiff's own contemporaneous description of his duties" or "an admission by a [p]laintiff regarding how many hours he typically worked at previous jobs" because the defendants should already have in their records information regarding hours worked as well as duties and responsibilities each plaintiff had while employed by defendants. Id. at *254 - 55. "Defendants will not be forced to rely on the 'self-serving' testimony of the plaintiffs about their job duties as presumably they [defendants] have access to supervisors, managers and documentary evidence of job duties and hours." Id.

Date: October 2, 2012                                   Respectfully Submitted,

                                                        s/Rachhana T. Srey
                                                        Nichols Kaster, PLLP
                                                        Rachhana T. Srey, MN Bar No. 340133
                                                        Paul J. Lukas, MN Bar No. 22084X
                                                        4600 IDS Center
                                                        80 South 8th Street
                                                        Minneapolis, MN 55402
                                                        Telephone: (612) 256-3200
                                                        Fax: (612) 215-6870
                                                        srey@nka.com
                                                        lukas@nka.com


                                                        ATTORNEYS FOR PLAINTIFFS

4