UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIANE SCHROEDER and REBECCA SCHROEDER,
individually and on behalf of all other
similarly situated individuals,

        Plaintiff,

v.                                                      Case No.   12-C-00137

HUMANA INC. and
HUMANA INSURANCE COMPANY,

        Defendant.

**ORDER DENYING MOTION TO QUASH SUBPOENAS**

Plaintiffs are former employees of Defendants Humana, Inc. and Humana Insurance Company (collectively, "Humana") who allege that they were not properly paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (FLSA). Humana contends that Plaintiffs were exempt employees and therefore not entitled to overtime under the FLSA. Whether an employee is exempt under the FLSA is determined by "the duties actually performed by the employee." *Corrigan v. United States*, 68 Fed. Cl. 589, 594 (2005); 5 C.F.R. § 551.202(e). A factual dispute apparently exists over what the actual duties of the plaintiff's were.

Currently before the Court is Plaintiffs' motion to quash a number of third party subpoenas issued or about to be issued by Humana to current employers of Plaintiffs for their resumes, job applications, and other documents which presumably contain Plaintiffs' own descriptions of their job duties during their employment at Humana. Specifically, the subpoenas seek "all documents

related to plaintiffs' applications for employment subsequent to their employment with Humana Insurance Co., including but not limited to, letters, applications, resumes, job descriptions, interview notes, any descriptions of plaintiffs' prior employment experience, education and/or job qualifications." (Srey Decl. ¶ 5.) Plaintiffs contend that the subpoenas should be quashed because the information sought is irrelevant and the subpoenas represent discovery tactics that are improper and intended to intimidate and harass Plaintiffs.

Humana, on the other hand, contends that the information is directly relevant to the key issue in the case – what Plaintiffs actual duties at Humana were. They note that the hiring process requires applicants to explain their past experience and prior job duties at various times throughout the application process. Such descriptions might be included in cover letters, resumes, applications, and through face-to-face interviews. Plaintiffs own descriptions of their job duties, Humana contends, are clearly relevant to the question of what duties they actually performed while employed at Humana. Although Plaintiffs have offered to provide copies of the resumes that they provided their current employers, Humana contends it is entitled to obtain information beyond that contained in the resumes, and further, that it prefers to obtain copies of the original resumes that were provided to their current employers, rather than a copies Plaintiffs would now provide.

Plaintiffs have failed to show good cause for quashing the subpoenas. Plaintiffs' descriptions regarding their past employment in the course of applying for new jobs are clearly relevant to the issues in this case. It is true, as Plaintiffs note, that Humana has access to other evidence as to what their duties were. But that evidence is not conclusive, and the issue of what their job duties actually were is in dispute. Humana is entitled to information as to how Plaintiff's

2

described their employment with Humana prior to the institution of their lawsuit. *Goulet v. Mederi Caretenders VS of SW FL, LLC* 2011WL652851, *1 (M.D. Fla. Feb. 14, 2011).

It may also be true, as Plaintiffs argue, that descriptions of their duties with their previous employer will be accorded little weight in deciding what those duties actually were. *See e.g. Ale v. Tennessee Valley Authority*, 269 F.3d 680, 690 (6th Cir. 2001)(holding that magistrate judge's finding that employees were not exempt despite their description of discretionary and supervisory duties in their resumes and in course of subsequent employment applications was not clearly erroneous). The issue before the Court, however, is not the weight of such evidence, but its discoverability. Based on the record as it now stands, it appears that the evidence may be relevant to a central issue in the case. Accordingly, I am unable to find that the defendants are motivated by an intent to harass or intimidate the plaintiffs. Plaintiffs motion to quash the subpoenas is therefore denied.

Dated this __11th__ day of October, 2012.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge